[No. 37947.   Department One.   July 22, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. SANDY
TAPLIN, JR., *Appellant*.*

*Michael S. Curtis,* for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Robert E. Dixon,* for respondent.

KALIN, J.†—Appellant was found guilty by a jury of the crime of burglary in the second degree. Such a verdict is supported by the evidence which was permitted to be considered by the jury.

*Reported in 404 P.2d 469.

†Judge Kalin is serving as a judge pro tempore of the Supreme Court pursuant to art. 4, § 2(a) (amendment 38), state constitution.

Prior to trial, a hearing was held pursuant to Rule of Pleading, Practice and Procedure 101.20W, RCW vol. 0, to determine the admissibility of appellant's confession. At the conclusion of this pretrial proceeding, the trial court orally ruled:

> Well, I believe that the evidence preponderates strongly, as a matter of fact beyond all reasonable doubt, in favor of the state's position, that this was a voluntary confession, or a voluntary statement. At least that is my evaluation of the evidence.
>
> Prepare findings of fact and conclusions in this regard.

This was never reduced to writing. There was no record of undisputed and disputed facts, nor conclusions as to disputed facts, nor were any reasons given in the oral ruling. At trial, no instructions were given to the jury as to the weight and credibility to be given to the confession.

Appellant assigns error to the trial court's failure to make a written record of its findings in the confession procedure, in admitting the written confession in evidence, and in failing to instruct the jury on the weight and credibility to be given the confession.

Rule 101.20W(a) reads in part:

> In every criminal case in which a confession . . . [is] to be offered in evidence, the judge, either at the time of the trial or prior thereto, *shall* hold a hearing, in the absence of the jury for the purpose of determining whether . . . the confession was voluntary, and, therefore admissible. (Italics ours.)

Subdivision (b) of the rule states, "It *shall* be the duty of the trial judge to inform the defendant that: . . ." (Italics ours.) and enumerates the rights granted the defendant under this subdivision of the rule.

Subdivision (c) of the rule states:

> After the hearing the trial judge *shall* set forth in writing (1) the undisputed facts; (2) the disputed facts; (3) his conclusions as to the disputed facts; (4) his conclusion as to whether the confession was voluntary and admissible, or involuntary and inadmissible, with reasons in either case. (Italics ours.)

Subdivision (d) of the rule sets forth the rights of the defendant when the confession is ruled admissible, with (4) of this subdivision stating "the jury *shall* be instructed" (Italics ours.) as to the weight and credibility to be accorded such confession if the defense raises the issue of voluntariness.

■ Rule 101.20W,[1] our confession procedure rule, was very carefully drafted to protect the rights of the criminally accused. The safeguards it extolls are in clear, unambigu-

---

[1] "(a) In every criminal case in which a confession or confessions of the accused are to be offered in evidence, the judge, either at the time of the trial or prior thereto, shall hold a hearing, in the absence of the jury for the purpose of determining whether, in the light of the surrounding circumstances, the confession was voluntary, and, therefore admissible. A court reporter shall record the evidence adduced at this hearing.

"(b) It shall be the duty of the trial judge to inform the defendant that: (1) he may, but need not, testify at the hearing on the circumstances surrounding the confession; (2) if he does testify at the hearing, he will be subject to cross-examination with respect to the circumstances surrounding the taking of the confession and with respect to his credibility for purposes of impeachment as a witness; (3) even though he does testify at the hearing, he does not by so testifying waive his right to remain silent during the trial; and (4) if he does so testify at the hearing, neither this fact nor his testimony at the hearing shall be mentioned to the jury unless he becomes a witness on the confession issue during the trial.

"(c) After the hearing the trial judge shall set forth in writing (1) the undisputed facts; (2) the disputed facts; (3) his conclusions as to the disputed facts; (4) his conclusion as to whether the confession was voluntary and admissible, or involuntary and inadmissible, with reasons in either case.

"(d) If the trial judge rules that the confession is admissible, and it is offered in evidence: (1) the defense may offer evidence, or cross-examine the witnesses, with respect to the circumstances surrounding the confession, without waiving an objection to the admissibility of the confession; (2) no reference shall be made to the fact, if it be so, that the defendant testified at the preliminary hearing on the admissibility of the confession, unless the defendant takes the witness stand on the confession issue at the trial; (3) if the defendant becomes a witness on this issue, he shall be subject to cross-examination to the same extent as would any other witness; and (4) if the defense raises the issue of voluntariness under (1) above, the jury shall be instructed that they may give such weight and credibility to the confession, in view of the surrounding circumstances, as they see fit."

ous, and simple language so that it is not subject to misinterpretation.

The rule is designed to prescribe a uniform procedure for the admission of voluntary confessions into evidence so that a jury will not have an opportunity to consider an involuntarily obtained confession.

In our procedure, the judge makes the determination of the issue of voluntariness in the absence of the jury. This is in accord with the recent pronouncement on the subject by the United States Supreme Court in *Jackson v. Denno*, 378 U.S. 368, 12 L. Ed.2d 908, 84 Sup. Ct. 1774, 1 A.L.R.3d 1205 (1964). The majority in *Jackson v. Denno* held that due process requires the judge, or a jury convened solely for the purpose, to determine the voluntariness of a confession; to find upon consideration of the pertinent evidence, including disputed facts, whether the confession was coerced or voluntary, and only where it is found to be voluntary, is the confession submitted to the jury deciding guilt. Of course, the procedure for determining voluntariness varies in different jurisdictions. See Annotation 1 A.L.R.3d 1251. However, there is no doubt that the Washington procedure meets the federal constitutional requirements.

In *State v. Jones*, 65 Wn.2d 449, 397 P.2d 815 (1964), the court held that the trial court's failure to adhere strictly to the confession rule did not in fact result in a violation of the defendant's constitutional rights. There, the trial court found defendant's declaration was an exculpatory statement rather than a confession and ruled that there was no requirement that the confession procedure be followed. However, this court said, p. 438:

> The statements were, however, quite incriminating and their admissibility was challenged upon the ground that they were involuntarily induced. Under such circumstances, the requirements of due process are not to be measured by hairline distinctions between admissions, exculpatory statements, and confessions. The procedure outlined in Rule 101.20W, *supra,* should be invoked.

Dean Stevens, commenting on Rule 101.20W(c)(3), states:

The objective is to assure a careful consideration of the facts and of the law by the trial judge. These findings of fact and conclusions of law will, when properly prepared, prevent unnecessary appeals and reduce applications for habeas corpus on the one hand, and will facilitate correction by appeal where error is apparent on the other. Stevens, *Confessions and Criminal Procedure,* 34 Wash. L. Rev. 542, 559.

■ We now hold that the language in Rule 101.20W is mandatory. See *State v. Plumley,* 65 Wn.2d 592 398 P.2d 714 (1965) and *State v. Hoffman,* 64 Wn.2d 445, 392 P.2d 237 (1964). Compliance with the rule not only protects the constitutional rights of a defendant in a criminal proceeding, but when a ruling and reasons therefor are reduced to writing as prescribed, a reviewable record is available on appeal.

As the record in the present case now stands, we are unable to determine what the trial court's reasons were for his oral ruling. We do not know what his findings were to undisputed facts and disputed facts and conclusions thereto. We do not know whether he found that there were inducements, but nevertheless concluded that the confession was still admissible. None of these facts appear in his oral ruling. A statement attributed to one Detective Sprinkle by defendant suggesting inducement, which was undisputed in the confession procedure, was not commented on by the trial court.

No instruction as to the weight and credibility of the confession as prescribed by Rule 101.20W (d) (4) was given; nor was any requested by either the state or defendant.

■ The "shall" in Rule 101.20W (d) (4), unlike the substantive rights specified in other subdivisions of the rule, is directive rather than mandatory. The instruction as to weight and credibility of a confession is a procedural provision rather than an absolute constitutional right. Defendant cannot fail to request this instruction and then assign error to the court's failure to give it. In *Seattle v. Love,* 61 Wn.2d 113, 377 P.2d 255 (1962), where there was no request by the defense for an instruction on presumption

of innocence, burden of proof and reasonable doubt, the conviction was affirmed. We can visualize where, for strategic reasons, the defendant may not desire that an instruction as to weight and credibility of a confession be given because it may tend to highlight the confession in the eyes of the jurors.

We reiterate our belief that in cases hereafter to be tried, a proper determination of voluntariness be made consonant with Rule 101.20W prior to the admission of the confession to the jury. As to the present defendant who has already been convicted and now seeks collateral relief, in harmony with *Jackson v. Denno, supra,* we do not say that the constitution requires a new trial if, in a soundly conducted collateral proceeding, the confession which was admitted at the trial is reasonably determined to be voluntary. If there is a finding that the confession was voluntary, the verdict must stand; if involuntary, the defendant must be granted a new trial.

The cause is remanded with directions to proceed in accordance herewith.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.