[No. 505-41203-1.    Division One—Panel 1.    November 30, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. CLARENCE WOODS, JR., *Appellant.*

*Mark T. Patterson,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney*, and *Stephen H. Good, Deputy*, for respondent.

JAMES, C. J.—Clarence Woods, Jr. was found guilty of the crime of burglary in the second degree. His counsel on appeal did not defend him at trial.

Friday, January 24, 1969, it was discovered that Shakey's Pizza Parlor in Lynnwood had been burglarized. The back door had been pried open and a floor safe had been rifled. A pull knob had been broken off the safe door. The knob was found on the floor nearby by an investigating police officer.

The critical evidence which connected Woods with the

crime was a latent fingerprint found on the underside of the knob.

The expert testimony which identified the latent fingerprint as Woods' was given by an agent of the Federal Bureau of Investigation who came to Everett from Washington, D.C.

On Tuesday, the 17th of June, the prosecuting attorney secured an ex parte order from the presiding judge permitting him to name the FBI fingerprint examiner as a witness. Woods' trial counsel was not so informed until the case was assigned for trial on Wednesday, June 18. On the morning of the second day of trial, Thursday, and before the jury was seated, Woods' counsel voiced his objection to the ex parte order. He complained that "we had no opportunity whatsoever to know that this man was going to be a witness until we walked in here to go to trial." Thereafter the following exchange occurred:

THE COURT: Well, there is an Order here on the 17th day of June, 1969, wherein Judge Nollmeyer granted an Order for a supplemental witness who appears to be a James R. Bartee, who is apparently a fingerprint examiner. That is in the file.

[DEFENSE COUNSEL]: That is in the file, yes, and we were not—there is nothing to indicate that defense counsel was even made aware of the fact that there was going to be a supplemental.

THE COURT: I don't think this is prejudicial to you in any way. Fingerprint experts are fingerprint experts. You know what they are going to testify to. You are not being mislead in any way.

Do you seek to have this witness excluded from testifying?

[DEFENSE COUNSEL]: Yes, I do.

THE COURT: I will deny your motion.

Woods assigns error to the trial judge's refusal to exclude the expert witness. Woods also argues that as an alternative the judge should have, of his own volition, granted a continuance.

RCW 10.37.030 provides that the prosecuting attorney shall

at the time the case is set for trial . . . file with the clerk a list of the witnesses which he intends to use at the trial and serve a copy of the same upon the defendant, . . .

It further provides that

Either party may add such additional names at any time before trial as the court may by order permit, . . .

▪ The statute has been construed in a number of cases. It has been judicially determined that the statute is designed to protect both parties against surprise, *State v. Cooper*, 26 Wn.2d 405, 174 P.2d 545 (1946); that compliance with the statute is not mandatory, *State v. Jones*, 70 Wn.2d 591, 424 P.2d 665 (1967); and that the court may permit testimony by witnesses who have not been listed, *State v. Leosis*, 160 Wash. 176, 294 P. 1115 (1931). If a defendant seeks to invoke the statute, he must *in fact* be surprised, and he must make a timely claim that he is. He must additionally

request a continuance of the trial for a reasonable time in order that his counsel may prepare to cross-examine the witness and he may secure rebuttal testimony if it is available, and also make it appear that he will be prejudiced if such opportunity be not afforded him.

*State v. Willis*, 37 Wn.2d 274, 278, 223 P.2d 453 (1950).

As the record discloses, Woods' trial counsel merely claimed that he was not informed that the "man was going to be a witness." However, the record also discloses that Woods' trial counsel represented him at a preliminary hearing before a magistrate. It was there revealed that the state's case depended upon fingerprint identification. The FBI's written report of its incriminating conclusion was admitted as an exhibit at the preliminary hearing. The report also advised that the bureau would make one of its agents available for testimony at trial when requested. Thus, Woods could not claim to be surprised concerning the fingerprint evidence. His only claim could be that the *name* of the expert witness was not disclosed to him until the day of trial.

Woods did not seek an opportunity to interrogate the expert witness. He did not ask for a continuance or state that he needed time to secure rebuttal testimony.

We hold that the trial judge properly denied the motion to exclude the testimony of the expert witness.

In the presence of the jury and without objection, a police officer testified that he interrogated Woods when he was brought to the Lynnwood police headquarters. The officer testified that Woods was promptly advised of his constitutional immunity from self-incrimination and that Woods readily signed a form entitled "Constitutional Rights" in which he acknowledged that he had been so informed and in which he specifically waived his right to remain silent and his right to be represented by an attorney.

Upon the suggestion of the prosecuting attorney, the judge then excused the jury and discussed with counsel the propriety of holding a "confession procedure" hearing as provided by CrR 101.20W.[1] The prosecutor informed the judge that the officer would testify that Woods orally stated "that he was not even aware that there was a safe in [the] office" of the pizza parlor. The trial judge concluded that such a statement would not constitute an admission or confession and that a 101.20W hearing was not necessary. Woods' trial counsel voiced no objection to the judge's decision.

Thereafter the jury returned and the prosecuting attorney interrogated the officer without objection by defense counsel. The officer testified that Woods told him that he had helped his brother-in-law perform janitorial services for the pizza parlor on the Tuesday before the Friday of the burglary, and that his fingerprints might, for this reason,

---

[1]"(a) Requirement for and Time of Hearing. In every criminal case in which a confession or confessions of the accused are to be offered in evidence, the judge, either at the time of the trial or prior thereto, shall hold a hearing, in the absence of the jury for the purpose of determining whether, in the light of the surrounding circumstances, the confession was voluntary, and, therefore admissible. A court reporter shall record the evidence adduced at this hearing."

be found on a filing cabinet in the office, but that "he didn't even know there was a safe in the building."

Woods now assigns error to the trial judge's ruling that a 101.20W hearing was unnecessary.

We first observe that even though Woods' statement—that he did not know there was a safe—might superficially appear to be exculpatory, it was in fact inculpatory. Because of his denial that he saw the safe on Tuesday, his latent fingerprint put him in the premises on some other occasion. In any event, Woods argues that a 101.20W hearing must in *all* cases qualify evidence of custodial statements.

The basic precept upon which Woods must rely is that any statement, *whether exculpatory or inculpatory*, made by an 'accused in the course of custodial interrogation may be used by the prosecution *only* if it is first established that the statement was freely given and is untainted by coercive pressure. This is the "Miranda" rule imposed upon both state and federal courts by the United States Supreme Court.

> Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, *whether exculpatory or inculpatory,* stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.

(Italics ours.) *Miranda v. Arizona,* 384 U. S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). Two years before *Miranda,* the United States Supreme Court, in *Jackson v. Denno,* 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R.3d 1205 (1964), held that if there is any question as to the voluntariness of a confession, it should be resolved in a separate proceeding before the confession is submitted to the jury. *State v. Lopez,* 67 Wn.2d 185, 406 P.2d 941 (1965).

CrR 101.20W, which became effective July 1, 1967, is designed to provide the protective procedure required in *Denno* and *Miranda.* Two salutory results are achieved by implementing the rule: (1) the avoidance of the possible

prejudicial impact upon the jury of statements made by an accused which are later ruled inadmissible (the familiar epigram, "you can't unring a bell"), and (2) the assurance that an accused has full opportunity to exercise his constitutional rights. *State v. Lopez, supra.*

Woods asserts that compliance with the rule is mandatory in all cases. He cites *State v. Taplin*, 66 Wn.2d 687, 404 P.2d 469 (1965), and *State v. Shelby*, 69 Wn.2d 295, 418 P.2d 246 (1966) to support his assertion. He argues that *Taplin* and *Shelby* require us to remand the case to the trial court for the purpose of a 101.20W hearing. We do not agree.

■ Although *Taplin* and *Shelby* do say that a 101.20W hearing is mandatory, they must be read with other cases which have also concerned implementation of the rule. In *Shelby* the error assigned was the failure of the trial judge to enter written findings of fact and conclusions of law as required by the rule.[2] Shelby holds that a defendant's failure to request written findings constitutes a waiver of that requirement of the rule. The rationale of *Shelby* is:

> Can the ministerial act of the formal entry of written findings, required by this procedural rule, be waived? We think it can. Constitutional guarantees such as the right to trial by jury and the right to counsel can be waived. [Citations.] A plea of guilty constitutes a waiver of all defenses. [Citation.] Specific statutory provisions can be waived. [Citations.]

> We conclude that, if such important constitutional rights and statutory provisions can be waived, a provision in a court rule requiring the ministerial act of the formal entry of written findings can likewise be knowingly and intentionally waived.

*State v. Shelby, supra* at 300.

In the later case of *State v. Booth*, 75 Wn.2d 92, 449 P.2d

[2]CrR 101.20W(c): "Duty of Trial Judge to Make a Record. After the hearing the trial judge shall set forth in writing (1) the undisputed facts; (2) the disputed facts; (3) his conclusions as to the disputed facts; (4) his conclusion as to whether the confession was voluntary and admissible, or involuntary and inadmissible, with reasons in either case."

107 (1968), the trial judge did conduct a 101.20W hearing concerning the defendant's oral custodial statements to the Shelton police. Testimony concerning the oral statements was thereafter admitted. No hearing was held, however, concerning an unsigned written statement given to the Mason County Sheriff. Error was assigned to its admission in evidence without a preliminary 101.20W hearing.

Although citing *State v. Taplin, supra,* without comment concerning its imperative language, *Booth* relies upon the earlier case of *State v. Lopez, supra,* in ruling that it was not error to admit the incriminating custodial written statement. The rationale of *Lopez* is that rule 101.20W does not require an unnecessary, idle, or useless proceeding.

In *Booth,* the defendant did not object when the statement obtained by the sheriff was offered. He affirmatively testified so as to confirm the voluntariness of his statement.

At trial, Woods made no objection to the judge's decision to forego a hearing. He makes no claim that the officer testified falsely. He makes no claim that his statement to the officer was coerced or involuntary. And further, he himself testified on direct examination that he did not observe the safe when he was in the premises on Tuesday. Woods' only claim of error is that the trial judge did not of his own volition conduct a 101.20W hearing.

As we read *Taplin, Shelby* and *Booth,* the rule in Washington is: It *is* mandatory that before introducing evidence of *any* custodial statement, the prosecution must offer to prove, in the absence of the jury, that the statement was freely given and is untainted by coercive influence. The procedure to be followed in presenting such proof is prescribed by CrR 101.20W. But a defendant may waive a 101.20W hearing. If he does so, knowingly and intentionally, there should be no hearing. It would be a moot and useless procedure.

As is recognized in *Shelby,* fundamental constitutional protections can be knowingly and intentionally waived. We view the right to a 101.20W hearing as a similar protective

shield which may be voluntarily relinquished by an accused.

■ Woods assigns as error the failure of the trial judge to declare a mistrial because of allegedly improper argument by the prosecuting attorney. Woods made no such claim to the trial judge but argues that the alleged misconduct of counsel was so flagrant and prejudicial as to be beyond cure by the trial judge. We disagree.

> In the absence of misconduct or error of such extremely flagrant and prejudicial nature as to make all curative measures obviously futile, or unless there has been so persistently prejudicial a course of conduct that the record shows the trial to have been so unfair as to constitute a denial of due process of law, the errors assigned must be claimed at trial. To be reversible error on appeal, it must be claimed error at trial. [Citations.]

*State v. Gefeller*, 76 Wn.2d 449, 456, 458 P.2d 17 (1969).

Further, we find that the remarks of the prosecutor were well within the limits of legitimate argument. *State v. Van Auken*, 77 Wn.2d 136, 460 P.2d 277 (1969).

Finally, Woods challenges the sufficiency of the evidence to support the guilty verdict. This challenge is palpably without merit.

The judgment is affirmed.

FARRIS and SWANSON, JJ., concur.