[No. 293-1.    Division One—Panel 1.    December 21, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. DOUGLAS EUGENE KELLY, *Appellant*.

*Jack A. Richey,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Albert A. Rinaldi, Jr., Deputy,* for respondent.

SWANSON, J.—A King County jury found Douglas Eugene Kelly guilty of second-degree burglary and two counts of assault with intent to commit rape. He appeals.

A 30-year-old unmarried airline stewardess who resided in an apartment in Des Moines, Washington, testified that on August 26, 1968, the defendant broke down the front door, entered her apartment, grabbed her by the arm and threatened to kill her. She said he had his hand on her throat, dragged her into the bedroom and threw her onto the bed. She claimed he then tore off her clothing and was undressing himself when her telephone rang. Colonel and

Mrs. Bayers who lived in the apartment below were calling to inquire about the commotion, and when the stewardess failed to answer her phone, they ran upstairs to her apartment to investigate, and chased off the attacker. The stewardess and the Bayers identified the defendant at the trial. The defendant vehemently denies any connection with the incident, and his defense at trial was based on the uncertainty and inconsistency in the identification.

The incident giving rise to the second charge of assault with intent to commit rape occurred on November 19, 1968. The 14-year-old complaining witness, a junior high school girl, testified that she was walking home when a man jumped out of the bushes, put his hand over her mouth and told her not to scream. She described how he forced her into the bushes and up into the woods, undressed her, undressed himself, and assaulted her. The prosecuting witness made a lineup identification of the defendant and also identified him in the courtroom.

At the trial, the prosecutor, on redirect examination, handed Colonel Bayer a written statement made previously by him and asked him if it was his statement and if it was the same as his testimony in court. The witness answered affirmatively. On recross, defense counsel offered the statement into evidence. The court denied the motion. Defendant claims this to be error. The record shows that counsel for defendant read portions of the statement to the witness Bayer in order to point out differences between the statement and his testimony in court. There is no merit to this assignment of error, for the defendant had ample opportunity at the trial to use the statement to impeach the prosecution witness.

Defendant next claims the trial court erred in refusing to admit evidence involving lack of recognition of the defendant by Colonel Bayer outside the courtroom prior to the trial. This assignment of error is totally without merit, for the record shows that defendant's counsel was permitted to ask whether Colonel Bayer looked at defendant and

whether he showed any recognition. The following question was asked by defendant's counsel:

Q. Did Colonel Bayer at anytime, or did Mrs. Bayer at anytime show any recognition of you?
A. No.

Defendant's third assignment of error is directed to the trial court's refusal to permit the defendant to present three additional witnesses, on the last day of trial, to testify that defendant's weight at the time of the alleged offenses was the same as, or less than, his weight at the time of trial. The defendant considers this a critical issue because the state's witnesses described the attacker, at the time of the alleged offenses in 1968, as being "quite stocky" and weighing "160 to 170" pounds. Colonel Bayer testified that he "estimate[d]" the defendant to be "ten pounds lighter" at the time of the trial than at the time he saw him in the victim's apartment. When the defendant took the stand and was asked, "How much do you weigh now?" he replied, "145 pounds." And when asked, "[D]uring the past three or four years, what is the most that you have weighed?" he answered, "As much as I weigh right now." In addition, several defense witnesses had already testified as to defendant's prior weight, so that the proffered witnesses would testify only on matters already covered. The effect would be cumulative. In such circumstances, refusing the defense the right to present additional witnesses is discretionary with the trial court. We find no abuse of discretion.

The defendant's next two assignments of error relate to the trial court's admission into evidence by the testimony of a booking officer that the defendant had stated, on being booked for an unrelated crime prior to the alleged offenses here, that he weighed 160 pounds. The defendant claims that since the trial court failed to advise him in accordance with the mandatory language of CrR 101.20W(b),[1] there was prejudicial error requiring reversal.

But was the CrR 101.20W hearing necessary? CrR 101.20W sets forth the procedure to determine whether or

---

[1]*See State v. Taplin,* 66 Wn.2d 687, 691, 404 P.2d 469 (1965).

not a confession is voluntary. A statement as to one's weight is not a confession, but since *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), all custodial statements, whether exculpatory or inculpatory, must be excluded not because they are involuntary (thus untrustworthy), but to insure the privilege against self-incrimination. *Miranda,* 384 U.S. at 444. Yet, the privilege against self-incrimination does not extend to the inspection of the accused's bodily condition.[2] Likewise, a statement as to one's height or weight which could be obtained readily by actual measurement is not protected by the privilege against self-incrimination. Such a statement is a mere fact of physical dimensions. Therefore, the CrR 101.20W hearing was unnecessary.

Finally, defendant contends that evidence of a prior unrelated arrest was improperly admitted at the trial. This occurred during cross-examination by defendant's counsel of the deputy sheriff who had booked the defendant on an earlier occasion for a previous charge, and who on direct examination identified a photograph of the defendant for admission into evidence. Defendant's counsel asked the officer whether it had been raining on the morning he booked the defendant. The officer answered, "I worked in the jail. I couldn't tell you because I was inside." Motions to strike and for mistrial both were denied. Even though a portion of the answer, "I worked in the jail," was unresponsive and tended to infer that the defendant was in jail when his picture was taken, no prejudice resulted. This is so because it was the defendant who, earlier in the trial, interjected the fact that he had been in jail at a prior time. Since the defendant, himself, revealed this information to the jury, his claim of prejudice is without merit.

---

[2]*See Schmerber v. California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966), (blood samples); *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967), (handwriting exemplars); and *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967), (appearance in a lineup and use of voice for identification).

We have carefully reviewed the trial record and find it free from prejudicial error.

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.