[No. 1972-1.    Division One.    April 1, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. EARL ANTHONY JOSEPH, *Appellant.*

*Michael H. Rosen,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Gerald M. Lorentson* and *Tricia A. Smith, Deputies,* for respondent.

JAMES, J.—At jury trial, defendant Earl Anthony Joseph was convicted of murder in the second degree. Joseph does not deny that he shot and killed an acquaintance with whom he quarreled. The sole issue at trial was whether the killing was justified in self-defense. Counsel on appeal did not represent Joseph at trial.

Joseph's several assignments of error for which he seeks a new trial all stem from the state's rebuttal use of statements which Joseph allegedly made during custodial interrogation.

Joseph elected to testify in his own defense. He told the jury that the victim of the homicide was the aggressor and was capable of carrying out his threat to throw Joseph out of a fourth-story window. He further testified that it was not until he was struck by the victim that he used his gun.

On direct examination, Joseph gave no testimony concerning the post-arrest custodial interrogation. On cross-examination, the state, by an appropriate question, laid the foundation for impeachment by an alleged prior inconsistent statement. At the close of the state's cross-examination, the defense rested. The state chose to call in rebuttal the detective who conducted the custodial interrogation. The detective testified in a manner to impeach Joseph's claim that he used his gun in resisting a physical assault by the victim.

On appeal, Joseph's basic claim is that his custodial statements were inadmissible as a matter of law. He points out that both he and the detective agree that he refused to give a written statement and stated that he wanted a lawyer.

Nevertheless, the custodial interrogation continued for over an hour. He contends that any statements he made after his request for an attorney were the product of psychological coercion and that the exclusionary rule of *Escobedo v. Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964), should have been applied.

We cannot so conclude on the record before us because it is simply inadequate to establish the facts upon which these arguments rely. In the ordinary case, evidentiary support for these arguments would have been developed at a CrR 101.20W[1] hearing. Here, however, no such hearing was held.

Joseph argues that the holding of such a hearing is mandatory and that it was error to admit the state's rebuttal testimony without such a hearing. He relies upon the rationale of *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), that:

> If, however, [a defendant] indicates in any manner and at any stage of [a custodial interrogation] that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned.

and upon *Jackson v. Denno*, 378 U.S. 368, 376, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R.3d 1205 (1964):

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is

---

[1]"In every criminal case in which a confession or confessions of the accused are to be offered in evidence, the judge, either at the time of the trial or prior thereto, shall hold a hearing, in the absence of the jury for the purpose of determining whether, in the light of the surrounding circumstances, the confession was voluntary, and, therefore admissible. A court reporter shall record the evidence adduced at this hearing." CrR 101.20W(a). CrR 101.20W has been superseded by CrR 3.5.

founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, . . . and even though there is ample evidence aside from the confession to support the conviction. . . . Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession.

(Citations omitted.)

■ The state replies that under *Harris v. New York*, 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971), statements inadmissible in its case in chief are admissible for the purpose of impeachment. They argue that a CrR 101.20W hearing was not required to introduce this impeaching testimony. Joseph points out that in *Harris*, the defendant made "no claim that the statements made to the police were coerced or involuntary" and that the court's conclusion was that:

It does not follow from *Miranda* that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, *provided of course that the trustworthiness of the evidence satisfies legal standards.*

(Italics ours.) *Harris v. New York, supra* at 224. We agree with Joseph. Where the "voluntariness" or "trustworthiness" of allegedly impeaching statements is an issue, a CrR 101.20W hearing was required.

■ The state contends that Joseph should be denied a new trial because he waived a CrR 101.20W hearing. Under the case law, waiver of such a hearing was possible.

[T]he rule in Washington is: It *is* mandatory that before introducing evidence of *any* custodial statement, the prosecution must offer to prove, in the absence of the jury, that the statement was freely given and is untainted by coercive influence. The procedure to be followed in presenting such proof is prescribed by CrR 101.20W. But a defendant may waive a 101.20W hearing. If he does so, knowingly and intentionally, there should be no hearing. It would be a moot and useless procedure.

(Italics in original.) *State v. Woods,* 3 Wn. App. 691, 697, 477 P.2d 182 (1970).

■ Unfortunately, the transcription of the proceedings at this critical juncture is garbled in the statement of facts. It is apparent, however, that the trial judge sought to caution the prosecution that the ruling in *Harris* did *not* relieve the state of its burden of proving the "voluntariness" of an accused's custodial statements. Joseph's trial counsel at no point requested such a hearing, but his failure to do so does not preclude appellate review because a denial of basic constitutional rights is raised in the asserted errors. *State v. Lampshire,* 74 Wn.2d 888, 447 P.2d 727 (1968); *State v. Vining,* 2 Wn. App. 802, 472 P.2d 564 (1970).

■ The record on appeal does not enable us to determine whether Joseph "knowingly and intentionally" waived a CrR 101.20W hearing. *State v. Woods, supra.* Accordingly, we remand for the purpose of a CrR 101.20W hearing for a judicial determination of "voluntariness." *Cf. State v. Taplin,* 66 Wn.2d 687, 404 P.2d 469 (1965); *State v. Porter,* 5 Wn. App. 460, 488 P.2d 773 (1971). If the trial judge determines that Joseph was not denied his Sixth Amendment right to counsel and that his statements to the detective were given voluntarily and without coercion, the verdict will stand. If not, Joseph will be granted a new trial.

■ The disposition of this case makes it necessary for us to consider only one other assigned error. Joseph contends that the trial judge so limited the scope of his cross-examination of the detective that he was effectively denied his Sixth Amendment right to confront witnesses against him.

The direct examination of the detective concerned only his custodial interrogation of Joseph. On cross-examination, defense counsel was denied permission to interrogate the detective concerning his interview of one of the witnesses to the homicide who had been called by the state. The inquiry was clearly collateral to the direct examination.

It is a basic and essential rule that "[t]he extent of the cross-examination of a witness upon collateral matters which tend to affect the weight to be given the witness' testimony, rests within the sound discretion of the trial court." *State v. Goddard*, 56 Wn.2d 33, 37, 351 P.2d 159 (1960).

*State v. Temple*, 5 Wn. App. 1, 4, 485 P.2d 93 (1971). The trial judge did not err.

Remanded.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied May 13, 1974.

Review pending by Supreme Court August 20, 1974.