[No. 2635-1.   Division One.   November 4, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. ANDREW D. GLASPER, *Appellant.*

*Jack Ackerman,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *David Boerner, Deputy,* for respondent.

JAMES, J.—At jury trial, defendant Andrew D. Glasper was convicted of four counts of robbery. On appeal, he first assigns error to the denial of his motion for a mistrial because a police officer called by the prosecution testified that he had exhibited "mug shots" to a robbery victim. In denying the motion, the trial judge stated that although the use of the term "mug shots" was improper and could be prejudicial, he was satisfied that in view of all of the relevant circumstances, it was not prejudicial in this case. The judge observed that Glasper had been identified at a police lineup and that a photograph of the lineup had been admitted without objection.

■ As in *State v. Lehman*, 8 Wn. App. 408, 416, 506 P.2d 1316 (1973), Glasper's claimed error requires us to consider whether the reference to mug shots "so taint[ed] the entire proceedings as to deny [Glasper] a fair trial[.]" We are satisfied that it did not. Glasper did not request that the jury be instructed to disregard the officer's reference to mug shots. He later testified in his own behalf and admitted several prior convictions. The use of the term, therefore, could not have been an improper vehicle for informing the jury that Glasper had a criminal record.

Our review of the trial record satisfies us that Glasper's right to a fair trial was not impaired. *Accord, State v. Rogers,* 83 Wn.2d 553, 520 P.2d 159 (1974); *State v. Thomas,* 9 Wn. App. 160, 510 P.2d 1137 (1973); *State v. Lehman, supra.*

■ ·Glasper's second claim of error concerns the denial of his motion to exclude rebuttal testimony by an officer concerning oral statements made by Glasper at the time of his arrest. He contends that under the rule of *State v. Joseph,* 10 Wn. App. 827, 520 P.2d 635 (1974), a CrR 3.5 hearing should have been held to determine the "voluntariness" of the statement to the officer. Glasper also argues that suppression of this evidence was the appropriate sanc-

tion for the prosecution's failure to disclose the evidence as required by CrR 4.5 and CrR 4.7 (a) (1) (ii).

For several reasons the assignment of error must be rejected. First, Glasper's argument misinterprets the ruling in *State v. Joseph, supra.* In *Joseph,* the defendant asserted that the statements attributed to him were coerced. The case was remanded for a CrR 101.20W (now CrR 3.5) hearing to judicially determine whether the defendant gave his statement voluntarily. Glasper has not asserted coercion or that he did not voluntarily talk to the officer. The ruling in *Joseph* does, on the other hand, recognize the rule of *Harris v. New York,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971) that *voluntary* statements of a defendant are admissible to impeach on rebuttal, even though inadmissible on direct because of the prosecution's failure to give *Miranda* warnings.

Glasper's statements to the officer, though contradictory, were exculpatory in both his and the officer's versions. The record brought to us on appeal does not include a "summary memorandum" as contemplated by CrR 4.5 (h).[1] However, assuming that a memorandum did require the prosecution to divulge "the substance of any oral statements made by" Glasper, CrR 4.7 (a) (1) (ii), the sanctions provided by CrR 4.7 (h) (7) (i)[2] for failure to comply with a summary memorandum do *not* include suppression of the evidence. Significantly, exclusion of evidence as a sanction was expressly rejected by the Washington Judicial Council and the Washington Supreme Court.

---

[1] *"Memorandum.* At the conclusion of the hearing, a summary memorandum shall be made indicating disclosure made, rulings and orders of the court, stipulations, and any other matters determined or pending."

[2] *"Sanctions.*

"(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, dismiss the action or enter such other order as it deems just under the circumstances."

## Comment

*ABA Draft-Discovery* § 4.7. This rule was adapted from Fed.R.Crim.P. 16(g). The Advisory Committee intentionally omitted one provision of 16(g)—that the court might "prohibit the party from introducing in evidence the material not disclosed."

*Washington Proposed Rules of Criminal Procedure,* Rule 4.7, Comment at 85 (1971).

But even had the rule provided for suppression of the evidence, as does the approved draft of the ABA Standards Relating to Discovery and Procedure Before Trial (1970), it should not be overlooked that suppression was but one of several alternative sanctions available to a trial judge. The record discloses that in this case the trial judge did offer Glasper an opportunity to interrogate the officer prior to his testifying. Glasper rejected the offer. Under all of the circumstances, an opportunity to interrogate would have been a reasonable alternative sanction permissible under the broad language of the bar association's proposed standards: "the court may . . . enter such other order as it deems just under the circumstances." Similar language is retained in Washington's CrR 4.7(h) (7) (i).[2]

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.