[No. 6296–1.   Division One.   April 23, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v.
CLARA B. PENN, *Appellant*.

*Jack Richey*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Charlene Y. Iboshi, Deputy*, for respondent.

DORE, J.—Clara Bell Penn appeals her conviction of possession of heroin. We affirm.

## ISSUES

1. Did the trial court err in denying defendant's motion to exclude items of "narcotics paraphernalia" on the ground that these items were not disclosed by the State as required by the discovery rules?

2. Where the State informed defense counsel prior to trial that defendant had no criminal record,. and the defendant offered testimony that she had no prior convictions, did the trial court err in denying a motion to strike that testimony and in allowing the State to question her regarding prior misdemeanor convictions?

## FACTS

The circumstances relating to the first issue are as follows: Discovery provided to Penn disclosed that "narcotics paraphernalia in general" was seized as evidence. At trial, a length of rubber tubing, a playing card, balloons, and testimony describing their function in narcotics preparation and use were admitted without objection. Neither was there objection to testimony as to the use of measuring spoons, funnels and strainers as "narcotics paraphernalia." Penn, however, later moved to exclude a strainer, measuring utensils and lactose, claiming that the State had not provided her with pretrial information regarding these items. The court allowed defense counsel to examine the items and offered Penn an opportunity for an expert's examination. Penn did not take advantage of this opportunity, and the items were later admitted without objection.

The facts relating to the second issue are as follows: Prior to trial, Penn told her attorney that she had not been convicted of any crimes. The State also informed defense counsel, in the omnibus application, that it had no knowledge of any prior convictions at that time. On direct examination at trial, Penn denied any prior convictions. The State objected, notifying the court and the defendant for the first time, outside the presence of the jury, that it had

"just found" an FBI "rap sheet" which listed Penn's prior convictions. Penn moved to have her response stricken. The court denied the motion, balancing the State's failure to disclose Penn's record of prior convictions with Penn's lack of candor with her attorney. The court also indicated that if, on cross–examination, she again denied prior convictions, the State could not question her further. On cross–examination, Penn admitted she had been previously convicted of a crime.

## DECISION

ISSUE 1: Admissibility of narcotics paraphernalia.

The prosecutor must disclose to the defendant, no later than the omnibus hearing, any tangible objects within his possession or control which he intends to use at trial or which were obtained from or belonged to the defendant. CrR 4.7(a)(1)(v). *State v. Smith,* 15 Wn. App. 716, 721, 552 P.2d 1059 (1976). The prosecutor must also, upon request of the defendant, disclose additional relevant material and information regarding previously specified searches and seizures. CrR 4.7(c)(1).

▮ Although there is nothing in the record on appeal revealing what was actually contained in the discovery materials, Penn does not dispute the State's statement that "narcotics paraphernalia in general" was listed in discovery documents. If this is true, Penn was adequately notified of the "nature of tangible evidence" intended to be used. CrR 4.7(a)(1)(v); *State v. Smith, supra.* If Penn had wished more specific information as to the "narcotics paraphernalia," she could have requested it under CrR 4.7(c)(1).

Even if it is assumed that there was a violation of CrR 4.7, exclusion of the evidence has been expressly rejected as an appropriate sanction under that rule. *State v. Glasper,* 12 Wn. App. 36, 38, 527 P.2d 1127 (1974). And, even were we to hold as Penn contends, that suppression of the evidence was proper, there would be no error here as suppression was but one of several alternative sanctions available.

CrR 4.7(h)(7)(i) gives the trial judge alternative and discretionary sanctions to impose for a violation of CrR 4.7. *State v. Glasper, supra* at 39. The trial judge exercised his discretionary power and gave Penn the opportunity to examine the objects and to request a continuance for expert examination. Penn did not take advantage of this opportunity, which was a reasonable alternative sanction under the circumstances. *See State v. Glasper, supra* at 39.

ISSUE 2: Admissibility of Penn's testimony that she had no prior convictions.

Subject to exceptions not relevant here, the prosecuting attorney has a duty to disclose to the defendant prior to the omnibus hearing any record of the defendant's prior criminal convictions known to the prosecutor. CrR 4.17(a)(1)(vi). The prosecutor also has a continuing duty to disclose any additional information regarding a defendant's prior record which is received after the initial discovery disclosure. CrR 4.7(h)(2). Under CrR 4.7, the State had a statutory duty to disclose the contents of the FBI "rap sheet" as soon as the contents became known to the State. The State's failure to do so constituted a violation of CrR 4.7.

CrR 4.7(h)(7)(i) imposes sanctions for violations of the rule. It reads:

(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court *may* order such party to permit the discovery of material and information not previously disclosed, grant a continuance, dismiss the action *or enter such other order as it deems just under the circumstances.*

(Italics ours.) The language of CrR 4.7(h)(7)(i) indicates that such sanctions are discretionary with the trial court. *See also State v. Nelson,* 14 Wn. App. 658, 666–67, 545 P.2d 36 (1975), and *State v. Peele,* 10 Wn. App. 58, 68, 516 P.2d 788 (1973). In this case, there was no abuse of discretion on the part of the trial court. The trial court's solution

to the problem, *i.e.*, allowing cross–examination and instructing the State that another negative answer from Penn regarding her prior convictions would require a curtailment of further questioning, placed Penn in the same position she would have been in had she not raised the issue of character. *See State v. DeCuir*, 19 Wn. App. 130, 136, 574 P.2d 397 (1978).

■ The remaining question concerns defense counsel's contention that he would not have called Penn to testify had the State disclosed the information concerning her prior record as is required by CrR 4.7. The problem did not arise, however, simply because Penn testified. Rather the problem arose because Penn chose to misrepresent her prior record to her attorney and to deny, under oath, a criminal record. Although counsel may not have been aware of the prior record, the defense, in the person of Penn, was aware of it, and having raised the issue, the defense could hardly preclude the State from cross–examining. Penn may not now claim error as she injected the issue into the trial and error, if any, was thus self–invited. *State v. Grant*, 9 Wn. App. 260, 267, 511 P.2d 1013 (1973). Such self–invited error precludes review. *State v. Vandiver*, 21 Wn. App. 269, 273, 584 P.2d 978 (1978). Our decision might be different had Penn not inserted the negation of a criminal record into the trial via direct examination, and if the issue had arisen for the first time on cross–examination by the prosecutor.

In closing, we note that although we refuse to grant Penn relief, the State has a continuing duty to disclose information subject to discovery, and we do not condone any action or inaction by the State indicating a failure to comply with that duty.

Affirmed.

FARRIS and WILLIAMS, JJ., concur.

Reconsideration denied June 21, 1979.

Review denied by Supreme Court September 21, 1979.