[No. 6198–1. Division One. April 30, 1979.]

THE STATE OF WASHINGTON, *Appellant,* v. DAVID S. DAILEY, *Respondent.*

234

*Russ Juckett, Prosecuting Attorney,* and *George N. Bowden, Deputy,* for appellant.

*Peter G. Rothschild, Public Defender,* for respondent.

SWANSON, A.C.J.—The State appeals a dismissal of charges of negligent homicide prior to trial, contending the trial court erred in its choice of sanctions for what it termed "reprehensible" conduct by the State. We agree, and reverse and remand for trial.

On February 10, 1975, David Dailey and Terry Pope were in an automobile which crossed a roadway centerline, striking another automobile and killing its driver, John Wahl. On August 12, 1977, the State filed an information against both Dailey and Pope, alleging that they, together, had committed negligent homicide. The State later dropped the charges against Pope. Because both parties had been drinking, it was unclear who had been driving at the time of the accident.

Between the date of arraignment, August 25, 1977, and trial, November 7, 1977, an omnibus hearing and various motion hearings occurred. Throughout, counsel for the defense petitioned for more complete discovery and a number of particulars, including police reports and statements

of witnesses. The State agreed to cooperate, but actual compliance was tardy. A motion to dismiss was heard November 3, 1977. On November 4, the Friday before the scheduled Monday trial date, the State delivered to defense counsel's office a supplemental witness list, including 11 witnesses not named in the information.

The morning of trial, defense counsel again moved to dismiss for failure of due process, emphasizing the late witness list.[1] Upon request for an explanation by the trial court, the State noted that virtually all the witnesses not named in the information were identified in police reports and known to the defense, the exception being one expert witness. The trial court responded,

> Well, I think the State's conduct is reprehensible here; it has been all the way through. But I won't change my ruling [denying dismissal]. . . .

Defense counsel began to speak of an alternative to dismissal, whereupon the trial court interrupted:

> Well, I've already said I'll—I've already commented on the count of the prosecutor's office. I think it's terrible. And I've already said I would not dismiss the case, and I said I would give you a continuance.

Defense counsel then proposed that in lieu of dismissal, the trial court require the prosecution to try the case immediately without the supplemental group of witnesses, as the defense was prepared to proceed according to the initial witness list. The trial court acquiesced to the suggestion. When the prosecutor opined that the State could not try the case with only witnesses listed on the information, the trial court ordered dismissal.

The order of dismissal recited in pertinent part:

> [T]he court being convinced that as a result of the actions of the plaintiff State of Washington through its agents, that the defendant can not be given a trial consistent with the dictates of due process and the basic

---

[1]CrR 4.7(a)(1) provides a prosecutor shall disclose to the defense no later than the omnibus hearing the names and addresses of intended witnesses.

notions of fair play, and that the only remedy consistent with due process is to dismiss the cause, . . .

In denying a motion for reconsideration, the trial court reiterated:

> Upon going over the entire record, I am still of the opinion that the State has disregarded the fundamental constitutional guidelines as well as the criminal court rules promulgated by our State Supreme Court, and I might add, even the orders of this Court.

Thus, the only issue before us on review may be posed as follows: Where a trial court believes the State has been dilatory in prosecuting a case, and as a final incident the State files a supplemental witness list, only 1 working day before trial, may the trial court require that the State present only those witnesses originally listed or accept a dismissal?

We note first our recent opinion in *State v. Sulgrove,* 19 Wn. App. 860, 578 P.2d 74 (1978), wherein we held a trial court may dismiss a prosecution under CrR 8.3(b) "in the furtherance of justice" because of prosecutorial mismanagement tantamount to governmental misconduct. Had such been the procedure here, our standard of review would turn upon whether the trial court had manifestly abused its discretion. *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976). Because the trial court twice refused, however—on November 3 and November 7—to dismiss the case on the due process grounds later enunciated, we do not find the *Sulgrove* rationale appropriate herein.[2]

▪ Rather, the trial court's ultimate decision to dismiss depended upon its approval of defense counsel's suggestion that it could require the State to proceed only with certain witnesses. We believe this was error, as it constituted a suppression of evidence. As summarized in *State v. Stamm,* 16 Wn. App. 603, 610, 559 P.2d 1 (1976), the suppression of evidence has been intentionally denied trial courts as an

---

[2]Thus, we cannot credit Dailey's "straw that broke the camel's back" argument.

alternative sanction for failure to comply with discovery rules:

> If we assume, for the sake of argument, that there was a violation of CrR 4.7 . . ., exclusion of the testimony would be inappropriate nonetheless. CrR 4.7(h)(7)(i) gives the trial judge alternative and discretionary sanctions to impose for a violation of CrR 4.7. *See State v. Glasper,* 12 Wn. App. 36, 527 P.2d 1127 (1974); *State v. Peele,* 10 Wn. App. 58, 516 P.2d 788 (1973). . . .
>
> . . .
>
> The sanctions provided by CrR 4.7(h)(7)(i), however, do not include suppression of the evidence. As stated in *State v. Glasper, supra* at 38–39:
>
>> Significantly, exclusion of evidence as a sanction was expressly rejected by the Washington Judicial Council and the Washington Supreme Court.
>>
>> Comment
>>
>> *ABA Draft–Discovery* § 4.7. This rule was adapted from Fed.R.Crim.P. 16(g). The Advisory Committee intentionally omitted one provision of 16(g)—that the court might "prohibit the party from introducing in evidence the material not disclosed."
>>
>> *Washington Proposed Rules of Criminal Procedure,* Rule 4.7, Comment at 85 (1971).

*See State v. Lewis,* 19 Wn. App. 35, 47, 573 P.2d 1347 (1978) (wherein the exclusion of testimony of an undisclosed witness was denied). While a quantitative difference exists between the suppression of one witness' testimony and that of a group of potential witnesses, we believe the purpose of the rule—to assure the presentation of all relevant evidence—applies equally in each situation.

■ Further, Dailey admits in his brief that he did not claim surprise over the supplemental witness list. The purpose of CrR 4.7(a)(1) is to protect against surprise, and, absent such, a defendant is without grounds to claim its protection. *State v. Williford,* 64 Wn.2d 787, 792, 394 P.2d 371 (1964); *State v. Woods,* 3 Wn. App. 691, 693, 477 P.2d 182 (1970).

We certainly do not condone the rather haphazard manner in which the State has conducted this prosecution. As

238

regards the limited question before us, however, the trial court erred.

Reversed and remanded for trial.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied August 29, 1979.

Review granted by Supreme Court December 7, 1979.