[No. 3264–2. Division Two. October 26, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID L. RICE, *Appellant*.

*Elizabeth Penoyar,* for appellant.

*Jeff Campiche, Prosecuting Attorney,* for respondent.

REED, A.C.J.—Defendant David L. Rice appeals his convictions of second–degree assault, RCW 9A.36.020(b), and second–degree rape, RCW 9.79.180, alleging error in the admission of a written statement he had provided to the police, and challenging his conviction of two separate felonies arising from the same incident. We affirm for the reasons set forth below.

On May 7, 1977, the prosecutrix informed Deputy Staudenraus of the Pacific County sheriff's office that at about 3 a.m. defendant had beaten and raped her. She stated that after a late night of drinking with defendant and other casual acquaintances, the victim and defendant drove to a nearby beach to go beachcombing. Upon arriving at the beach defendant asked the victim whether she would consent to intercourse. She declined and a struggle ensued. Defendant forced her out of the cab of his pickup truck and into the camper compartment where he beat and raped her. After defendant dressed himself and left the camper, the victim fled into the sand dunes on foot.

Shortly after the victim filed her complaint against defendant, Deputy Staudenraus went to defendant's residence to inquire about the incident. The deputy advised defendant that he was not under arrest and was not obligated to talk with the officer. The deputy left a statement form with defendant and requested that defendant record his version of the incident. Defendant was advised that both the statement form and victim's complaint would be turned over to the prosecuting attorney for further investigation. In time, defendant completed the statement form

out of the presence of Deputy Staudenraus and returned it either to the deputy or to the sheriff's department. The statement was admitted at trial during the prosecution's case in chief,[1] and defendant's subsequent testimony proved inconsistent in several particulars. After completion of the trial to the court, defendant was found guilty of both second–degree assault and second–degree rape.

On appeal, defendant maintains it was error to admit the written statement because Staudenraus did not inform him of his *Miranda* rights, *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), and because the court did not conduct a CrR 3.5 inquiry into the voluntariness of the statement. We find it unnecessary to address the question of the statement's admissibility because defendant waived any objection to its admission. In *Rogers v. Richmond,* 365 U.S. 534, 5 L. Ed. 2d 760, 81 S. Ct. 735 (1961), it was held that a conviction founded in whole or in part upon a defendant's involuntary confession is obtained in violation of due process and cannot stand. In *Jackson v. Denno,* 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R.3d 1205 (1964), the rule was implemented by the Supreme Court holding that a defendant also has a

> constitutional right at some stage in the proceedings *to object* to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, . . .

---

[1]The statement was not a confession; it contained no admission that defendant had in any way assaulted the complaining witness, but simply gave his version of the events which took place on the night in question. If anything, the statement purported to exculpate defendant of any wrongdoing. Arguably, its relevance to the State's case lay in defendant's admission he was with the complaining witness at the time of the alleged assault and that she was in a state of dishabille. Although admitted during the State's case in chief, the statement appears to have been utilized only to impeach the defendant because it tended to be inconsistent with his testimony. Of course, if the statement was otherwise reliable and not the product of duress or coercion—this has never been suggested by defendant—its use for this purpose may have been permissible under *Harris v. New York,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971). Because the State has not argued this theory of admissibility and we are affirming on other grounds, we do not address it.

. . .

A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined.

(Italics ours.) *Jackson v. Denno, supra* at 376–77, 380.

The rationale for requiring a preliminary determination of voluntariness is to insulate a jury from the taint of a coerced confession or statement. Not only is there a very real risk that a jury's determination of voluntariness may be influenced by the weight of the other evidence, or the apparent truth of the confession or statement, *see State v. Myers,* 86 Wn.2d 419, 545 P.2d 538 (1976); *State v. Lopez,* 67 Wn.2d 185, 406 P.2d 941 (1965); *State v. Woods,* 3 Wn. App. 691, 477 P.2d 182 (1970), but as noted in *Denno,* it is difficult, if not impossible, to ascertain from a jury's general verdict what the jury decided regarding voluntariness.

 Under CrR 3.5, Washington provides a mechanism whereby a defendant is assured of his right to have voluntariness determined in a preliminary hearing if he so desires; *see State v. Woods, supra.*[2] Although Washington decisions have held the rule is mandatory, they have also recognized that its requirements may be waived. *State v. Myers, supra; State v. Woods, supra; State v. Joseph,* 10 Wn. App. 827, 520 P.2d 635 (1974); *cf. State v. McKeown,* 23 Wn. App. 582, 596 P.2d 1100 (1979). The fact that the rights which the rule was promulgated to protect are of constitutional magnitude does not prevent a waiver, *State v. Myers, supra; contra, State v. Joseph, supra; State v. McKeown, supra.* In *Wainright v. Sykes,* 433 U.S. 72, 53 L. Ed. 2d 594, 97 S. Ct. 2497 (1977), the Supreme Court considered whether federal habeas corpus was available to

---

[2]CrR 3.5(a) provides in part:

"**Requirement for and Time of Hearing.** When a statement of the accused is to be offered in evidence, the judge at the time of the omnibus hearing shall hold or set the time for a hearing, if not previously held, for the purpose of determining whether the statement is admissible." CrR 3.5(c) requires the hearing judge to make specific findings of fact and conclusions.

review defendant's claim that his incriminating statement to police officers had been admitted in violation of his *Miranda* rights. At issue was the effectiveness of Florida's contemporaneous objection rule to preclude review. Defendant had interposed no objection to the testimony and had not raised the issue on direct appeal. On habeas corpus, the Florida courts refused to consider defendant's claim on the merits because of his noncompliance with the rule. In denying federal habeas corpus relief the Supreme Court held, *inter alia,* that the requirement for a contemporaneous objection violated no federal constitutional right. Defendant urged, and the Court of Appeals agreed, that *Jackson v. Denno, supra,* required a voluntariness hearing despite defendant's failure to object. In disposing of this argument, Justice Rehnquist, speaking for the majority, says at page 86:

> Respondent also urges that a defendant has a right under [*Jackson v. Denno*], to a hearing as to the voluntariness of a confession, even though the defendant does not object to its admission. But we do not read *Jackson* as creating any such requirement. In that case the defendant's objection to the use of his confession was brought to the attention of the trial court, . . . and *nothing in the Court's opinion suggests that a hearing would have been required even if it had not been.* To the contrary, the Court prefaced its entire discussion of the merits of the case with a statement of the constitutional rule that was to prove dispositive—that a defendant has a "right at some stage in the proceedings *to object* to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness. . . ."
> . . . Language in subsequent decisions of this Court has reaffirmed the view that *the Constitution does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession.*

(Footnote and citations omitted. Some italics ours.)

In the instant case there was no mere failure to challenge defendant Rice's statement on voluntariness grounds; nor

was there a mere failure to request a CrR 3.5 determination. Rather, the objection to admissibility was first advanced and then purposely withdrawn after the trial judge, sua sponte, offered to embark on just such a hearing. Defendant's choice to bypass the hearing and permit introduction of the statement without objection was expressed by his counsel in the following words:

> Your Honor, maybe I can facilitate things here by saying, first of all, in examining the law I agree with the prosecutor that this is not a custodial interrogation, and in addition, Mr. Rice and I have discussed this and we discussed it before the case began. The statement was voluntarily made and it is not an incriminating statement. If you care to just withdraw the objection, Your Honor.

Thereafter, even though defendant took the witness stand and was successfully impeached from the statement, he made no further objection to its admissibility or use. CrR 4.5 provides for an omnibus hearing for the resolution of preliminary matters prior to trial, and must be read in conjunction with CrR 3.5. Rule 4.5(d) specifically provides that:

> [f]ailure to raise or give notice at the [omnibus] hearing of any error or issue of which the party concerned has knowledge may constitute waiver of such error . . .

A defendant is further given notice of his rights by the omnibus application form CrR 4.5(h), the checklist for which includes both a provision for requesting disclosure of all statements made by a defendant and for demanding a CrR 3.5 hearing. As we have demonstrated, defendant chose to forego these safeguards.

Clearly, if the mere failure to object to the admissibility of a statement will preclude review, *Wainright v. Sykes, supra,* defendant Rice's refusal to accept the trial court's offer of a voluntariness hearing constitutes a waiver of the protection afforded a defendant both under *Denno* and CrR 3.5.

Had this been a jury case, the distinction between the fundamental right not to be convicted by use of an involuntary statement, *Rogers v. Richmond, supra,* and the corollary rule that such a statement not be given any consideration by the jury, would be more apparent. In fact, we doubt there is any constitutional need for holding a preliminary voluntariness hearing in a nonjury case, where an objection is made for the first time at trial. *See State v. Myers, supra; State v. Haverty,* 3 Wn. App. 495, 475 P.2d 887 (1970). Where the trial judge who makes the voluntariness determination also serves as fact finder, the due process concerns of *Jackson v. Denno, supra,* are not present. In such cases the utility of a CrR 3.5 hearing lies only in its requirement that findings of fact be made—findings that would be lacking in a general finding of guilt—thus facilitating appellate review. Of course, a defendant is never foreclosed from submitting the issue of voluntariness to the fact finder—whether it be judge or jury—even though no formal 3.5 hearing has been conducted. In conclusion on this issue, we find defendant waived his right to challenge the admissibility of his statement on voluntariness grounds, including the lack of *Miranda* warnings, and is foreclosed from having the issue considered on appeal.[3]

■ Defendant's final contention—raised for the first time in his pro se brief—is that separate convictions for second–degree assault and second–degree rape arising out of the same incident cannot stand because he is twice placed in jeopardy for the same offense in violation of federal and state constitutions, relying upon *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975). In answer to this contention, we note the trial court sentenced Mr. Rice to 10

---

[3]On appeal, defendant's counsel seeks an outright reversal of defendant's conviction because of the failure to conduct a voluntariness hearing. This position is not well taken because defendant would be entitled to no more than a remand to the trial court for a belated determination of voluntariness. *See Jackson v. Denno,* 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R.3d 1205 (1964); *State v. Myers,* 86 Wn.2d 419, 545 P.2d 538 (1976); *State v. Lopez,* 67 Wn.2d 185, 406 P.2d 941 (1965); *State v. Joseph,* 10 Wn. App. 827, 520 P.2d 635 (1974).

years on each count, the terms to run concurrently. Because we affirm the conviction on the rape count and concurrent sentences were imposed, we need not consider the validity of his conviction on the assault count. *United States v. Cousins,* 429 F.2d 1271 (9th Cir.), *cert. denied,* 400 U.S. 904, 27 L. Ed. 2d 141, 91 S. Ct. 143, *rehearing denied,* 400 U.S. 984, 27 L. Ed. 2d 396, 91 S. Ct. 364 (1970); *Hirabayashi v. United States,* 320 U.S. 81, 87 L. Ed. 1774, 63 S. Ct. 1375 (1943); *In re Rice,* 24 Wn.2d 118, 163 P.2d 583 (1945); *United States v. Rosen,* 582 F.2d 1032 (5th Cir. 1978); *Canal Zone v. Eulberg,* 581 F.2d 1216 (5th Cir. 1978); *United States v. Dudley,* 581 F.2d 1193 (5th Cir. 1978); *United States v. Stewart,* 579 F.2d 356 (5th Cir. 1978); *United States v. Adams,* 581 F.2d 193 (9th Cir. 1978); *but see State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979).

The judgments and sentences on both counts are affirmed.

PETRIE and SOULE, JJ., concur.