[No. 42699. En Banc. September 20, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ETHAN DAVIS, JR., *Appellant*.

Richard L. Cease, for appellant (appointed counsel for appeal).

Donald C. Brockett, Prosecuting Attorney, for respondent.

ROSELLINI, J.—This is an appeal from a conviction of the crimes of murder in the first degree, committed in the perpetration of a robbery, and of robbery. The appellant was tried with an accomplice, David Gene Craig, and the two have taken separate appeals. The facts of the case are set forth in State v. Craig, 82 Wn.2d 777, 514 P.2d 151 (1973), and need not be repeated here.

The appellant makes three assignments of error. One of these is that the court erred in issuing a search warrant for the taking of a sample of the appellant's blood to determine its type. The same contention was made by Craig on his appeal. As we said in that case, the results of the test were not offered in evidence and, consequently, assuming that there was no statutory authority for the procedure, as contended by the appellant, the error in issuing the warrant did not affect the result of the trial. Furthermore, the appellant's counsel entered into a stipulation, not alleged to have been coerced, concerning his blood type. He cannot be heard to complain of the introduction of this evidence. State v. Craig, supra.

The remaining assignments of error concern matters which occurred on the night of the appellant's arrest while he was in custody of law enforcement officials. The appellant was arrested at approximately 6 p.m. and was taken to

the police station, where he was confined alone in an interrogation room for 2 hours before he was questioned by the police. After receiving all of the warnings and advice outlined in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), he signed a written waiver and a confession. He also made an oral waiver and an oral confession, which were tape-recorded.

The trial court and the jury, after hearing evidence concerning the circumstances surrounding the taking of the appellant's statement, found that the confession was voluntary. Nevertheless, the appellant contends that the requirements of *Miranda* were violated. The gist of his complaint is that the environment and atmosphere in which the statement was given were "coercive." Yet he does not contend that he did not understand his rights or that he did not voluntarily and intelligently waive them. In other words, he does not maintain that he was in fact coerced. The recorded confession indicates that the appellant was made aware of his right to remain silent and to have the assistance and presence of counsel, court-appointed if he was unable to afford counsel, that he was warned that anything he said might be used against him, and that his confession was voluntary. We are convinced that the trial court did not err in so holding.

The final contention of the appellant is that his right to counsel was denied him when he was questioned by a psychiatrist hired by the prosecutor on the night of his arrest. While the psychiatrist advised the appellant that he was not required to answer any of his questions and that any information obtained during the interview could be used as evidence against the appellant, he did not advise him that he was entitled to have an attorney present during the course of the interview. It is the theory of the appellant that the psychiatrist, being an agent of the prosecutor and having as his purpose the obtaining of evidence which could be used against the appellant, was subject to the same "*Miranda*" requirements that would apply to a law enforcement officer.

The prosecutor does not fail to recognize that there may be logic in this contention, but he maintains that there is no authority to support it and that the appellant had already received adequate advice as to his right to counsel, which was "continuing." We need not decide in this case whether the state could use evidence obtained in this manner, without the full *Miranda* warnings and advice, to make out its case against a defendant. Here the only evidence given by the doctor about the interview was presented in rebuttal. The appellant had testified to the effect that he and Craig had agreed to abandon their robbery plan before the killing occurred. The psychiatrist testified that, when he interviewed the appellant, the appellant told him that he had proposed to Craig that they abandon the plan and Craig had said, "No way."

The United States Supreme Court has held that, while a statement obtained from a defendant without advising him of his right to counsel and of his right to remain silent, and warning him that anything which he says may be used against him in a court of law, cannot be used by the prosecutor to make out his case in chief, it may be used to impeach the defendant if he takes the stand and makes statements contrary to those previously given, provided that its trustworthiness satisfies legal standards. *Harris v. New York*, 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971).

The doctor who interviewed the appellant was on the stand and subject to cross-examination. It is not suggested that his testimony was not trustworthy. The appellant has not shown that the trial court abused its discretion in admitting this evidence for impeachment purposes.

The judgment is affirmed.

HALE, C.J., FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied November 16, 1973.