[No. 10274-5-I.   Division One.   September 15, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. MARSHALL ANTHONY NOGUEIRA, *Appellant.*

*Larry Lund,* for appellant (appointed counsel for

appeal).

Norm Maleng, Prosecuting Attorney, and Linda Walton, Deputy, for respondent.

JAMES, J.—Marshall Nogueira appeals his juvenile court convictions for taking a motor vehicle without permission and for criminal trespass in the second degree. He alleges the trial judge erred in admitting his inculpatory statement without first requiring the State to establish that he was legally in custody. We agree.

At the "factfinding" hearing, the victim testified that his fence had been cut and two motorized go-carts had been taken from his property. The only evidence offered by the State connecting Nogueira with the incident was Nogueira's statement which he made while he was in police custody. The prosecutor established that the statement was given after he had acknowledged that he understood and waived his Miranda rights.

Nogueira objected to admissibility of his statement on the ground that no evidence establishing the legality of his arrest had been presented. The trial judge[1] ruled that both counsel, as officers of the court, have a responsibility to see that a CrR 3.5 hearing is held prior to admission of a custodial statement. He then ruled that the statement was admissible, even though no CrR 3.5 hearing had been held. Nogueira was found guilty and he appeals, alleging the trial judge erred in failing to require the State to establish the legality of his arrest prior to introduction of his in-custody statements.

It is undisputed that Nogueira was under arrest and in custody when his statement was given to police. The State bears the burden of establishing that the statement was

---

[1] The factfinding ruling we review here was not made by Judge Holman, who presided only at sentencing.

freely given and untainted by coercive influence. *State v. Collins,* 69 Wn.2d 627, 419 P.2d 590 (1966); *State v. Woods,* 3 Wn. App. 691, 477 P.2d 182 (1970). *See also State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968); *State v. Lanning,* 5 Wn. App. 426, 487 P.2d 785 (1971). The prosecutor presented no evidence to establish the circumstances of the arrest, and advised the court that it had "no intention" of calling the arresting officer to show the legality of the arrest because no motion to suppress the statement had been noted by Nogueira's counsel pursuant to King County Local Juvenile Court Rule 7.14(a).[2]

█ Until an arrest has been shown to be lawful, any evidence derived from the arrest must be suppressed because possibly "infected" by an illegal arrest. *State v. Byers,* 88 Wn.2d 1, 559 P.2d 1334 (1977). *See Wong Sun v. United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); *McNear v. Rhay,* 65 Wn.2d 530, 398 P.2d 732 (1965). The fact that proper *Miranda* warnings were given does not cleanse the statement if it was obtained in violation of Nogueira's Fourth Amendment rights. *Dunaway v. New York,* 442 U.S. 200, 60 L. Ed. 2d 824, 99 S. Ct. 2248 (1979).

The State contends that because Nogueira's counsel noted no motion according to LJuCR 7.14, the State had no notice that testimony establishing the legality of the arrest would be required. Absent a pretrial motion to suppress the statement due to an illegal arrest, the State contends its burden at trial was to prove the elements of the crime charged. The State's position was that because Nogueira's counsel failed to give the State proper notice of a motion to

---

[2]Local Juvenile Court Rule 7.14(a) provides:

"(a) Generally. All motions, including motions to suppress evidence, motions regarding admissions, and other motions requiring testimony, shall be heard at the time of trial unless otherwise set by the court. Motions shall be served on all parties and filed with the court coordinator, together with a brief which shall include a summary of the facts upon which the motions are based, not later than five days before the adjudicatory hearing. Reply briefs shall be served and filed with the court coordinator not later than noon of the court day before the hearing."

suppress the defendant's statement pursuant to LJuCR 7.14(a), the motion was waived. We do not agree.

The record reflects the trial judge stated that a CrR 3.5 hearing was necessary to determine whether the arrest was lawful.

> MR. LUND [defense counsel]: There is one matter I would point out to the Court: in the discovery I received, it does indicate name and address of witnesses, and it does of course indicate Officer Hentell, so there is no— without Officer Hentell here, in which we fully expected him to be here in order to establish whether or not there was a lawful arrest, it seems to me we are on solid ground, your Honor. If their witness is critical to their case, and it is the State's burden to prove the voluntariness of the confession.
>
> THE COURT: The objection has to be sustained pending a 3.5.

The trial judge, however, then admitted the statement without a CrR 3.5 hearing, stating:

> THE COURT: A 3.5 makes the responsibility of the Court to have a 3.5 hearing for the admissibility of a statement. Being the responsibility of the Court, every officer of the court has the responsibility to see that it is carried out. I think both parties have the responsibility to see that there is a 3.5 hearing. The motion is—the exhibit is admitted.
>
> MR. LUND: The Court would note my objection.
>
> THE COURT: Objection noted.

■ Local rules apply when not inconsistent with other rules. Noncompliance with LJuCR 7.14 cannot be construed as a waiver by Nogueira of his right to a determination that his statement was the product of a legal arrest. The State cites no authority for its contention that noncompliance with LJuCR 7.14 resulted in a waiver of Nogueira's right to a CrR 3.5 hearing.

CrR 3.5 is mandatory, but under proper circumstances the right to a voluntariness hearing and the other requirements of the rule, such as formal entry of written findings, can be waived. *State v. Myers,* 86 Wn.2d 419, 425–26, 545 P.2d 538 (1976). Such circumstances were not present in

this case. There was no knowing, intelligent and voluntary waiver of Nogueira's right to a CrR 3.5 hearing. He held the State to strict proof of the admissibility of his statement. The record reflects that the arresting officer's name was listed as a witness. Defense counsel was justified in assuming from the witness list that the CrR 3.5 evidence would be submitted by the State at Nogueira's trial. Nogueira's counsel properly objected to the judge's admission of the statement without the mandatory CrR 3.5 finding of admissibility.

The judge's findings state:

II. Findings

Based upon the information, testimony heard and the case record to date, the Court finds that:

[x] The following allegations in the information have been proven beyond a reasonable doubt:
Cts. I and II as amended
by evidence that: as set forth on record.

The record does not reveal oral findings sufficient to support admission of Nogueira's statement under CrR 3.5. *State v. Joseph,* 10 Wn. App. 827, 520 P.2d 635 (1974).

Since CrR 3.5 is mandatory, and the record will not support an implied waiver, we remand this case for the trial judge's ruling after consideration of evidence sufficient to determine whether the statement was admissible. *See State v. Agee,* 89 Wn.2d 416, 573 P.2d 355 (1977); *State v. Brown,* 30 Wn. App. 344, 633 P.2d 1351 (1981).

Reversed and remanded for the judge's entry of findings of fact pursuant to CrR 3.5(c).

DURHAM, A.C.J., and RINGOLD, J., concur.