[No. 11032–2–I.   Division One.   February 28, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH
R. FANGER, *Appellant.*

*Elizabeth Selleck* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer Eychaner, Deputy,* for respondent.

RINGOLD, J.—The defendant, Joseph Fanger, appeals his judgment and sentence for second degree rape, alleging error in the admission of statements he made to the police.

636

We conclude that the statements were properly admitted and affirm.

The uncontradicted testimony is summarized. On June 2, 1981 Seattle police officers were summoned to investigate an alleged rape at a downtown hotel. The victim told the officers that she had been visiting at Fanger's apartment the previous evening when he and a second man became angry with her. She stated that Fanger tied her to a bed and that both men participated in raping her with a table leg. Fanger then untied her and warned her against reporting the incident. She called the police.

After taking the victim's statement the officers went to Fanger's apartment to inquire about the incident. At first Fanger characterized the victim's story as a "fantasy," but then said he had been present but had not been involved. Later Fanger told a Seattle detective that shortly after the victim's arrival at his apartment he suffered a fall, hit his head, and lost consciousness. Fanger told the detective that he remembered the victim being upset, but did not know why.

Fanger and the second man present during the incident were charged with second degree rape. A stipulation and waiver of pretrial omnibus hearing was filed, containing the following handwritten notation: "defense will stipulate that the statements made by the defendant were voluntary and admissible in the state's case in chief." The document was signed by someone acting in the name of Fanger's trial counsel. No CrR 3.5 confession hearing was held. At trial both the interviewing officer and the detective testified to Fanger's statements without objection. Fanger now assigns error to this police testimony, alleging an invalid waiver of his right to a CrR 3.5 inquiry into the voluntariness of the statements.

The purpose of a pretrial confession hearing under CrR 3.5[1] is to allow the court, prior to trial, to rule on the

---

[1]CrR 3.5(a) provides: "When a statement of the accused is to be offered in evidence, the judge at the time of the omnibus hearing shall hold or set the time

admissibility of sensitive evidence. *State v. Taylor,* 30 Wn. App. 89, 92, 632 P.2d 892 (1981). The rule promotes judicial efficiency by insulating the jury from tainted evidence, thereby avoiding mistrials and continuances. *State v. Rice,* 24 Wn. App. 562, 565, 603 P.2d 835 (1979). A confession hearing also enables the parties to determine the weaknesses in their cases and thus encourages settlement. *Taylor,* at 92–93. Hearings under CrR 3.5 are best characterized as procedural devices designed to protect constitutional rights. *Taylor.* The right to a CrR 3.5 hearing is not itself of constitutional magnitude as Fanger contends. It may be waived if done so knowingly and intentionally. *State v. Myers,* 86 Wn.2d 419, 425–26, 545 P.2d 538 (1976); *State v. Woods,* 3 Wn. App. 691, 697, 477 P.2d 182 (1970).

■ A knowing and intelligent waiver was made. Fanger expressly waived his right to a hearing under the pretrial document signed by his attorney's agent and filed with the court. An attorney is impliedly authorized to stipulate to and to waive procedural matters, such as those obviating the need for certain proof. *State v. Dault,* 19 Wn. App. 709, 716, 578 P.2d 43 (1978). *Accord,* 7A C.J.S. *Attorney and Client* § 208, at 358 (1980). A CrR 3.5 hearing is such a procedural matter. *See Taylor.* By virtue of his professional relationship with Fanger, defense counsel had the authority to waive the confession hearing on Fanger's behalf.

Fanger argues that this waiver was invalid because he did not personally sign the document and because the record does not show that he consulted with his attorney before or was present at the time it was filed with the court.[2] None of these additional elements is required for a valid express waiver of a CrR 3.5 hearing. Nor is it relevant that Fanger's attorney did not personally sign the document, for the acts

---

for a hearing, if not previously held, for the purpose of determining whether the statement is admissible. A court reporter or a court approved electronic recording device shall record the evidence adduced at this hearing."

[2]Fanger does not contend that his attorney or his attorney's agent acted without his authorization.

638

of an attorney's authorized agent bind the attorney and his client. *See Smith v. Gray,* 52 Wash. 255, 256–57, 100 P. 339 (1909).

Fanger impliedly waived his rights under CrR 3.5 as well by failing at trial to raise the issue of invalid express waiver and to object to the officers' testimony. *Myers,* at 427. *Accord, Woods,* at 697. This is so because a voluntariness hearing is not required "*absent some contemporaneous challenge to the use of the confession.*" *State v. Rice, supra* at 566 (quoting from *Wainwright v. Sykes,* 433 U.S. 72, 86, 53 L. Ed. 2d 594, 97 S. Ct. 2497 (1977)). *Cf. State v. Nogueira,* 32 Wn. App. 954, 650 P.2d 1145 (1982) (defendant objected at trial to admission of his statements without CrR 3.5 hearing being held).

Fanger expressly and impliedly waived his right to a hearing under CrR 3.5. We therefore affirm.

WILLIAMS and SCHOLFIELD, JJ., concur.