[No. 6099-3-III.   Division Three.   June 18, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. TIM S., *Appellant.*

*Thomas Bothwell* and *Bothwell & Lorello,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Michael G. McCarthy, Deputy,* for respondent.

GREEN, C.J.—Tim S., a juvenile, appeals his conviction of indecent liberties. The dispositive issues are whether the court erred (1) by admitting incriminating statements made by Tim to a police officer during interrogation which was not preceded by *Miranda* warnings; and (2) by failing to comply with CrR 3.5, thus violating Tim's constitutional privilege against self-incrimination. We reverse and remand.

On May 18, 1983, the 12–year–old victim and two other children, ages 9 and 7, were in a school yard "swinging on the swings". Tim, then age 15, approached them. The victim ran and Tim chased her. The 9–year–old child testified that Tim then attacked the victim, she fell, and while they were wrestling on the ground Tim touched the victim between her legs on the outside of her clothing and tried to pull her pants down. The victim testified that while the two were on the ground, Tim stuck his fingers inside the front of her pants and had contact with her "private parts." Tim testified the two were playing a game, like tag, and when he caught up with her he swung her around and she fell to the ground. He tried to help her up and grabbed her around the waist but she resisted. He denied putting his hands inside her pants. On cross examination Tim was questioned regarding an alleged conversation he had with a detective in which he admitted he "had done it." Tim explained his admission to the detective by stating he thought the pur-

pose of the conversation was for him to receive counseling and not for criminal investigation. The detective testified he did not give Tim his *Miranda* warnings prior to the questioning.

Tim contends the court erred in admitting the incriminating statement made to the police officer during interrogation which was not preceded by *Miranda* warning. We agree.

■ The Fifth Amendment privilege against self–incrimination precludes the use of a defendant's statement unless the privilege was knowingly and intelligently waived following the giving of *Miranda* warnings. *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966); *State v. Holland,* 98 Wn.2d 507, 519, 656 P.2d 1056 (1983). Here *Miranda* warnings were admittedly not given and therefore there was no waiver. However, statements inadmissible under *Miranda* in the prosecution's case in chief may be used to attack the defendant's credibility should he take the stand and testify inconsistently with the prior statements made by him, *Harris v. New York,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971); *State v. Simpson,* 95 Wn.2d 170, 180, 622 P.2d 1199 (1980), but only if made without coercion and they are trustworthy, *Harris v. New York,* 401 U.S. at 224; *State v. Davis,* 82 Wn.2d 790, 793, 514 P.2d 149 (1973); *State v. Holland, supra* at 520; *i.e.,* the statements must be voluntarily made. *State v. Glasper,* 12 Wn. App. 36, 38, 527 P.2d 1127 (1974).

Here Tim's incriminating statement to Officer Garcia was admitted for impeachment purposes. However, the trial judge said in his oral opinion: "I don't believe that, that it could have been an accidental touching in the course of trying to pick up or help up [the victim]. Especially in view [of] the admissions made to Detective Garcia." A prior inconsistent statement or confession obtained without *Miranda* warning is admissible only to impeach and not as evidence of guilt. *Harris v. New York, supra; State v. Simpson, supra* at 180. The judge's comments indicate he

treated Tim's incriminating statement as substantive evidence in making his determination as to guilt. The court erred in utilizing the confession as substantive evidence and, therefore, the conviction must be reversed.

██ Furthermore, it does not appear from the record that a CrR 3.5 hearing was held, nor was one requested. A CrR 3.5[1] hearing is mandatory, *State v. Myers,* 86 Wn.2d 419, 425–26, 545 P.2d 538 (1976); *State v. Taplin,* 66 Wn.2d 687, 691, 404 P.2d 469 (1965); *State v. Rice,* 24 Wn. App. 562, 565, 603 P.2d 835 (1979), whether requested or not. *State v. Lampshire,* 74 Wn.2d 888, 447 P.2d 727 (1968); *State v. Joseph,* 10 Wn. App. 827, 830–31, 520 P.2d 635 (1974). The purpose of the hearing is to protect constitutional rights, *see State v. Taylor,* 30 Wn. App. 89, 632 P.2d 892 (1981), by assuring a defendant of his right to have the voluntariness of the statement or confession determined prior to trial, and to allow the court to rule on its admissibility. *State v. Fanger,* 34 Wn. App. 635, 636–37, 663 P.2d 120 (1983). The record before this court raises a serious question as to whether the statement was voluntarily made and thus admissible for impeachment purposes.[2] Conse-

---

[1]CrR 3.5 applies to juvenile court proceedings pursuant to JuCR 1.4(b). CrR 3.5 provides in part:

"(a) **Requirement for and Time of Hearing.** When a statement of the accused is to be offered in evidence, the judge . . . shall hold or set the time for a hearing, if not previously held, for the purpose of determining whether the statement is admissible. . . .

" . . .

"(d) **Rights of Defendant When Statement Is Ruled Admissible.** If the court rules that the statement is admissible, and it is offered in evidence: (1) the defense may offer evidence or cross–examine the witnesses, with respect to the statement without waiving an objection to the admissibility of the statement; . . . (4) if the defense raises the issue of voluntariness under subsection (1) above, the jury shall be instructed that they may give such weight and credibility to the confession in view of the surrounding circumstances, as they see fit."

[2]The officer testified he initially interviewed Tim in the presence of his mother and uncle without giving any *Miranda* warnings and Tim denied he had sexual contact with the victim. Because Tim continued to deny, the officer asked Tim's mother and uncle to leave the room, which they did. The officer then proceeded to question Tim until Tim finally indicated, "I . . . touch[ed] her where I

quently, a CrR 3.5 hearing is required in this case.

The State relies on *In re Noble,* 15 Wn. App. 51, 547 P.2d 880 (1976) to support its contention a CrR 3.5 hearing was not required. *Noble* is distinguishable. In *Noble* the juvenile was advised of his *Miranda* rights prior to giving a written confession. The juvenile court held a fact–finding hearing and it was clear from the record the juvenile court considered whether the juvenile knowingly and intelligently waived his *Miranda* rights and voluntarily made the confession. Here, unlike *Noble,* no *Miranda* warnings were given, no fact–finding hearing was held, and it is not clear from the record if the juvenile court considered whether Tim's statement had been voluntarily given.

In light of this holding, we need not reach the other issues raised.

Reversed and remanded.

McINTURFF and THOMPSON, JJ., concur.

---

shouldn't have touched her." The officer told Tim he would be put in a counseling program and that Tim's "problem right now was whether or not he could be honestly honest with the authorities at the Juvenile Department . . ." The officer never advised him of his rights, in particular, that any statement he made could be used against him in a court of law. Tim testified the officer indicated the whole purpose of the conversation was for Tim to get counseling and Tim was unaware of the fact the statement could be used against him if he were charged with a crime.