[No. 11397-0-II.   Division Two.   August 3, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMAINE L. ALEXANDER, *Appellant.*

*Robert A. Izzo,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

SHIELDS, J.*—Jamaine Alexander was convicted of second degree burglary and committed to juvenile rehabilitation for 52 weeks after the court declared a manifest injustice. The conviction stemmed from an incident on July 16, 1987, which involved the break–in and entry of a private residence and the theft of a car. Mr. Alexander was arrested and given his *Miranda* warnings that same night,

---

*This case was heard by a panel of Division Three judges sitting in Division Two.

when the stolen car in which he was a passenger was stopped by police because of defective headlights. His statement, made to police at 5:30 the next morning, was the only evidence which established his participation in the burglary.

During the trial, the State indicated its intention to introduce Mr. Alexander's statement as evidence through the testimony of Officer Miller. The defense objected, based on constitutional grounds. Mr. Alexander had signed the *Miranda* form, acknowledging he had been advised of his rights, but had not signed the form waiving those rights. After voir dire of the officer by defense counsel and the court regarding the circumstances surrounding the statement, the court admitted it.[1] At no time does the record indicate the court provided Mr. Alexander with an opportunity to testify as to the voluntariness of the statement nor was he advised he could testify without otherwise waiving his Fifth Amendment privilege. Mr. Alexander did not testify at trial.

The dispositive issue is whether the voir dire examination of the police officer alone was sufficient to meet the

---

[1]The court stated:

"I also note that this issue is being raised in the context of a trial, and it is not in a pretrial motion, excluded. The only evidence that the Court has is from the police officer and all of the testimony from the Defendants that they did not intend to waive their constitutional rights at the time that the officer questioned them.

"Recognizing that the burden is on the state to establish a valid waiver, the only evidence that the Court has is from the officer who conducted it. In the absence of that, I do not think the Court has much choice except to say that there is no evidence of coercion. It was 5:30 in the morning and these two young fellows were tired. That does not amount to coercive circumstances in the Court's mind, not that alone.

"I am going to rule that it was a voluntary waiver of constitutional rights, even though the form is not signed. I am, quite frankly, a little bit distressed about that. The whole purpose of this form, in large part, is to prevent these kinds of arguments. People come to court and say that they did not waive their rights and you have got the form signed and that creates a very strong impression to the Court that they did just that. To have the form and not use it does not make much sense, but, in this instance, given the evidence, I am going to rule that the waiver was indeed voluntary."

requirement of a CrR 3.5 hearing. We hold that it was not, and reverse.

▮ The issue is raised for the first time on appeal. Mr. Alexander initially contends, however, that the failure to conduct a pretrial hearing was a denial of due process, and an error of constitutional magnitude. The State responds that a pretrial hearing under CrR 3.5(a)[2] is inconsistent with the speedy, less formal structure of juvenile court. Even assuming error, the State concludes it is procedural and should not be considered on appeal, citing *State v. Fanger,* 34 Wn. App. 635, 663 P.2d 120 (1983). *See Jackson v. Denno,* 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R.3d 1205 (1964). The substance of CrR 3.5(b)[3] is, however, applicable to juvenile proceedings through JuCR 1.4(b).[4] However, we decline to interpret it as requiring a separate pretrial hearing procedure pursuant to CrR 3.5(a) similar to that used in adult court. Our conclusion is supported by *In re Noble,* 15 Wn. App. 51, 547 P.2d 880 (1976), which suggests that no pretrial hearing is required. *Noble,* at 58. That case did have a separate hearing during trial.

---

[2]CrR 3.5(a) provides in part:

"When a statement of the accused is to be offered in evidence, the judge at the time of the omnibus hearing shall hold or set the time for a hearing, if not previously held, for the purpose of determining whether the statement is admissible."

[3]CrR 3.5(b) provides:

"It shall be the duty of the court to inform the defendant that: (1) he may, but need not, testify at the hearing on the circumstances surrounding the statement; (2) if he does testify at the hearing, he will be subject to cross examination with respect to the circumstances surrounding the statement and with respect to his credibility; (3) if he does testify at the hearing, he does not by so testifying waive his right to remain silent during the trial; and (4) if he does testify at the hearing, neither this fact nor his testimony at the hearing shall be mentioned to the jury unless he testifies concerning the statement at trial."

[4]JuCR 1.4(b) provides:

"The Superior Court Criminal Rules shall apply in juvenile offense proceedings when not inconsistent with these rules and applicable statutes."

■ In *State v. Tim S.*, 41 Wn. App. 60, 701 P.2d 1120 (1985) the juvenile defendant did not have a CrR 3.5 hearing nor did he request one. Whether requested or not, the court held a CrR 3.5 hearing is mandatory to protect the juvenile's constitutional rights "by assuring a defendant of his right to have the voluntariness of the statement or confession determined . . . to allow the court to rule on its admissibility." *Tim S.*, at 63. The voluntariness of a confession depends upon the totality of the circumstances. *State v. Rupe*, 101 Wn.2d 664, 679, 683 P.2d 571 (1984), *cert. denied*, 486 U.S. 1061, 100 L. Ed. 2d 934, 108 S. Ct. 2834 (1988). In order to have full knowledge of the facts and circumstances surrounding a statement it is necessary that the defendant be allowed to testify in his own behalf. Here, the court made its decision to admit this statement based only on the officer's version of the facts, without permitting the defendant the opportunity to testify or present other evidence, if any. We conclude the court erred, because it failed to comply with CrR 3.5(b). The error is of constitutional magnitude. *Tim S.*, at 63.

This issue is dispositive; we do not address the manifest injustice finding and sentence.

The judgment is reversed and the cause is remanded for retrial.

MUNSON, A.C.J., and GREEN, J., concur.