# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59213-4-II |
| Respondent, | |
| v. | |
| SABRINA MARIE HALLUM, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Sabrina M. Hallum appeals her convictions for second degree burglary, third degree theft, and bail jumping.  Hallum argues that the trial court erred in admitting a statement she made to law enforcement without holding a hearing under CrR 3.5.

Because Hallum waived her right to a hearing under CrR 3.5, we affirm.

## FACTS

In March 2023, Hallum was arrested after shoplifting at a Target store and charged with second degree burglary and third degree theft.  After a failure to appear, a charge of bail jumping was added.

Before trial, the parties signed a consolidated omnibus order in which Hallum stipulated to the admissibility of her statements.  The order stated in relevant part that, "Defendant's statements may be admitted into evidence without hearing by stipulation of the parties."  Clerk's Papers (CP) at 125.  The omnibus order was signed by Hallum's attorney who represented that they had

reviewed the document with Hallum. Consistent with the parties' stipulation, no hearing was held to address the admissibility of Hallum's statements.

The case proceeded to a jury trial. Several witnesses testified at trial including Officer Nicholas Smith from the local police department. Officer Smith testified that on March 13, he approached Hallum and told her that he needed to speak with her about an incident that had occurred a few days earlier. Although Officer Smith had not mentioned the location of the incident, Hallum responded that "she had not been at . . . Target." 1 Verbatim Rep. of Proc. (VRP) at 223.

The jury found Hallum guilty as charged. The trial court imposed a sentence of 15 days under the first time offender waiver.

Hallum appeals.

## ANALYSIS

Hallum argues that the trial court erred in admitting her statement to Officer Smith without holding a CrR 3.5 hearing. We disagree.

CrR 3.5(a) provides a uniform procedure regarding the admissibility of a defendant's statement. *See State v. S.A.W.*, 147 Wn. App. 832, 837, 197 P.3d 1190 (2008). CrR 3.5(a) requires in relevant part:

> When a statement of the accused is to be offered in evidence, the judge at the time of the omnibus hearing shall hold or set the time for a hearing, if not previously held, for the purpose of determining whether the statement is admissible.

The purpose of a CrR 3.5 hearing is to allow the trial court to rule on the admissibility of a defendant's statement in the absence of the jury. *S.A.W.*, 147 Wn. App. at 837. This procedure avoids due process problems that would arise if the jury were to hear evidence of an involuntary

statement and promotes judicial efficiency by insulating the jury from tainted evidence, thereby avoiding mistrials and continuances. *Id.*; *State v. Fanger*, 34 Wn. App. 635, 637, 663 P.2d 120 (1983).

Although in general a CrR 3.5 hearing is mandatory, a defendant may waive their right to a hearing, so long as it is done knowingly and intentionally. *Fanger*, 34 Wn. App. at 637; *State v. Nogueira,* 32 Wn. App. 954, 957-58, 650 P.2d 1145 (1982). Moreover, a defendant's attorney may waive a CrR 3.5 hearing on the defendant's behalf. *Fanger*, 34 Wn. App. at 637. CrR 3.5 hearings are procedural devices designed to protect constitutional rights. *Id.* Consequently, "[a]n attorney is impliedly authorized to stipulate to and to waive procedural matters" including a CrR 3.5 hearing. *Id.*

When a CrR 3.5 hearing is waived, the defendant may not subsequently complain about the trial court's failure to conduct one. *See id.* at 636-37 (holding that defendant expressly waived their right to a CrR 3.5 hearing by stipulating to admission of their statements); *see also State v. Ralph*, 41 Wn. App. 770, 776, 706 P.2d 641, *review denied*, 104 Wn.2d 1027 (1985) (holding that the defendant could not "assail" the trial court's failure to hold CrR 3.5 hearing where the defendant waived it).

Here, Hallum argues that the trial court erred by admitting her custodial statement without holding a CrR 3.5 hearing. But Hallum's consolidated omnibus order expressly stipulated that her statements could be admitted without holding a CrR 3.5 hearing. This order, signed by Hallum's attorney, the State, and the trial court, provided, "Defendant's statements may be admitted into evidence without hearing by stipulation of the parties." CP at 125. Hallum offers no argument as to why this stipulation is not dispositive. Accordingly, because Hallum stipulated to the admission

No. 59213-4-II

of her statements, we hold that Hallum expressly waived any requirement to hold a CrR 3.5 hearing. *See Fanger*, 34 Wn. App. at 637.

## CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

CHE, J.